## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RONDA R. GEBRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-18-325-SPS** |
| | ) | |
| **COMMISSIONER of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorney's fees in the amount of $7,395.40 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion for Award of Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 23]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees under the EAJA as the prevailing party herein.

On appeal, the Plaintiff alleged that the ALJ failed to properly evaluate a treating psychologist's opinion, determine appropriate jobs in sufficient numbers, and consider additional evidence submitted to the Appeals Council. The Commissioner's response to the EAJA fees motion asserts that his position on appeal was substantially justified "[b]ecause reasonable people can disagree whether the ALJ's decision was appropriate."

*See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.").  "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness."  *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988).  In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position he took not only on appeal but also in the administrative proceedings below.  *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986).  *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position.").  "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification."  *Madron*, 646 F.3d at 1258.  In this case, the Court found that the ALJ's decision was not supported by substantial evidence because he failed to properly analyze the opinions of treating psychologist Dr. Mings and consultative examiner Dr. Ward, and because the Appeals Council failed to properly consider the additional evidence Plaintiff submitted.  Despite this ruling, the Commissioner continues to assert that the ALJ's findings were reasonable and sufficiently articulated by essentially restating the

same arguments raised in the Response Brief.  Inasmuch as it was the ALJ's obligation to provide a reasonable basis in the first instance, it is difficult to see how anything said on appeal could justify the ALJ's failures at the administrative level in this case.  *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]").  *See also Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991).

The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA.  *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding:  "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Award of Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 23] is hereby GRANTED to

the extent that the Government is hereby ordered to pay attorney's fees in the amount of $7,395.40 to the Plaintiff as the prevailing party herein.  IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 7th day of July, 2020.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma